## Bates & Rogers Construction Company v. Fluharity's Guardian.

(Decided March 8, 1918.)

### Appeal from Mason Circuit Court.

1. Master and Servant—Action for Personal Injuries—Evidence.—In an action for personal injury the plaintiff may show that before the injury his eyesight was good and he could see to do work requiring clear vision, and in so doing he may show that previous to the injury he had engaged in making cartoons.

2. Witnesses—When Optician May Testify as Expert.—An optician who has studied in a reputable school and has engaged in the practice of his profession for a number of years, and has thereby acquired skill in fitting glasses to the eye and special knowledge of the functions thereof, may be permitted to testify as an expert witness.

3. Trial—Instructions—Contributory Negligence.—Although the defendant offered an instruction upon contributory negligence, yet if the trial court give another quite as concrete as the one offered, and in an approved form, there is no error in rejecting the offered instruction.

STANLEY REED and FRED FORCHT for appellant.

A. D. COLE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was instituted in the Mason Circuit Court by Omar Fluharity through his guardian against Bates and Rodgers Construction Company, a corporation, to recover of it damages for injury to his person, alleging that while in the employ of said company he was, through the carelessness and negligence of its foreman, burned in and about his face, eyes, hands and other parts of his body by an explosion occasioned by the foreman of appellant bringing a lighted lantern near where appellee was at work repairing an acetylene light. Fluharity was a young man about twenty years of age, and was en-

gaged by the company as an electrician, but had been directed by the foreman to repair the acetylene light upon which he was at work at the time of his injury. In order to make repairs it was necessary for him to dismantle the light, take it to pieces and remove some exhausted carbide lumps from the container; he had removed the tube to a distance which he regarded as safe before beginning the work; he then reached down in the tube trying to get the carbide from the bottom, his hand near the bottom, he at the time attempting to look in the tube, when appellant's foreman, Bolton, with a lighted lantern, came up behind him and the lighted lantern coming in contact with the gas which emanated from the carbide caused an explosion, the fire from which dashed into the face and eyes of appellee, burning him severely. By his petition and amended petition he sought to recover two hundred dollars for loss of time, and five hundred dollars for board, medical services, glasses and treatment for his eyes, and twenty-three hundred dollars for permanent injury and loss of power to earn money, a total of three thousand dollars.

The defendant company denied its negligence and pleaded contributory negligence on the part of plaintiff, assumed risk, and that appellee was injured through the negligence of a fellow-servant.

A jury was empaneled and upon hearing awarded appellee fifteen hundred dollars in damages.

Complaint is made on this appeal that appellee was permitted to introduce evidence of his ability as a cartoonist and his preparation to follow that work as a vocation. When plaintiff was called as a witness and had answered some preliminary questions, he was then asked what schools he had attended and what vocation or profession he had begun to prepare himself for, and he answered: "I was preparing myself in the future for being a cartoonist, along those lines, and I was getting pretty good consideration around town and some of the various papers, such as Judge, Cincinnati Times-Star, and Chicago Herald." The defendant-company objected to this question and answer, but the objection was overruled. It now complains that it was error to allow the admission of this and similar evidence, because, as it contends, no recovery can be had for such special damage, especially in view of the fact it was not pleaded. The petition alleges that plaintiff was severely burned about his face and eyes, "his eyes have been permanently

injured to his damage in all in the sum of three thousand dollars.'' It was necessary, in order for the plaintiff to recover, to show the nature of his injuries, and if he was burned in the eyes this was an element of damage which he was entitled to present to the jury. We cannot assent to the claim of appellant that this evidence was incompetent, but we incline to the opinion that plaintiff below had a right to show not only his injuries and especially that to his eyes, but to show also that such injury interfered with his work, and that he had been unable to· use his eyes for work requiring accurate vision. This was not error and the defendant was not prejudiced thereby. The facts of this case do not bring it within the rule stated in Williams v. Stearns Coal & Lumber Company, 171 Ky. 46. This question, however, was not submitted to the jury.

It is next complained that an optician was permitted to testify with reference to abnormalities of the eye, whereas it is insisted that only an oculist is qualified to give such evidence. We cannot concur in this contention. The witness makes it clear he is an optician and not an oculist; explains the difference between the two professions, at the same time giving the jury an idea of his training, education and experience as an oculist. With this before the jury, the trial court allowed the witness to give evidence as an expert. One may give testimony as an expert if it appear that he has had an opportunity to study and acquire skill in the particular matter about which he is called to give evidence, and that he has done so. It is said that one possessing knowledge not acquired by ordinary persons with regard to a particular subject or department of human activity may be called and allowed to testify as an expert upon that subject. Ford v. Providence Coal Company, 124 Ky. 525; Buchannon v. Buckner, 8 R. 617. Where one has practiced as an optician for a long number of years and before entering upon the practice studied the subject in a reputable school and has since entering the practice taken special courses on the subject in schools in different parts of the country, he possesses that character of training and knowledge of his calling which qualifies him to give evidence upon abnormalities of the eye as an expert, and it was not error of the trial court to admit evidence of this character.

We have thoroughly examined the instructions given by the trial court to the jury, and are persuaded that they

fairly present the law of the case.   Special objection, however, is urged to the instruction on contributory negligence.   Appellant offered an instruction upon this subject which the court rejected, but gave one in the usual form, and in addition supported it by other instructions fully presenting the defense of the company.   The instruction offered by appellant upon contributory negligence is said to be concrete, but after carefully examining it and comparing it with the one given by the court, we are inclined to the view that the trial court did not err in refusing the instruction offered by appellant and in giving instruction No. 3 to the jury.   That part of instruction "B" offered by appellant and which it urges was the proper instruction upon contributory negligence is as follows:

"The court instructs the jury that if they believe from the evidence that the plaintiff, Fluharity, by his own negligence, contributed to such extent as to produce the injuries complained of, and that but for his negligence it would not have happened, then he is not entitled to recover in this case, unless, etc."

The instruction given by the court on the subject of contributory negligence is as follows:

"The court instructs the jury that if they believe from the evidence that plaintiff on the occasion in controversy was negligent and that his negligence contributed to his injuries to such an extent that but for which he would not have been injured, the law is for the defendant and the jury will so find."

The instruction given by the court is the regular stereotyped contributory negligence instruction and is as concrete in form as that offered by appellant.

Appellant was not entitled to a peremptory instruction in its favor at the conclusion of plaintiff's evidence. The plaintiff was at work cleaning out a container at evening, and he was working by moonlight; a large volume of gas created by water coming in contact with the carbide in the container was emanating from the tube, filling the air for some distance around the place where appellee was at work.   Appellant's foreman, Bolton, who has been on the job for quite a while, and who had knowledge of the explosive nature of such gases, walked up behind appellee with a lighted lantern in his hands while appellee was at work.   When the light came within the radius of the gas an explosion occurred, the most terrific part of which was in the tube, and was forced into the

face and eyes and over the hands of appellee. The evidence tending to show that appellee, Fluharity, was guilty of contributory negligence was properly submitted to the jury, and there was no necessity whatever of a more concrete instruction upon that subject than the one given by the court.

No error to the prejudice of appellant appearing in the record, judgment is affirmed.