BERNICE W. SUTTON, BY HIS NEXT FRIEND, GEARGE W. SUTTON, v. MELTON-RHODES COMPANY, INC.

(Filed 19 April, 1922.)

**1. Appeal and Error—Objections and Exceptions—Broadside Exceptions.**

Exceptions to the admission of evidence on the trial, which is correct in part, without specifying that which is objectionable, are too generally taken to be considered on appeal.

**2. Employer and Employee—Master and Servant—Negligence—Safe Appliances—Evidence.**

Where the principle requiring an employer to furnish his employee reasonably safe tools and machinery with which to perform his services is involved in the issue as to defendant's negligence in an action to recover damages for a personal injury, evidence as to the machines in other like factories, upon the question of whether the one causing the injury was of as safe a character as those approved and in general use, is competent.

**3. Same—Nonsuit—Trials.**

Where there is evidence that a machine at which the plaintiff was injured while in the course of his employment was not of the kind as that approved and in general use for the same character of work, and that an imperfection in the machine caused the injury, a motion as of nonsuit is properly denied.

**4. Same—Minors—Instruction to Employees—Duty of Employer—Warnings.**

The plaintiff, a boy of fifteen years of age, was employed to work at a power-driven machine, and was alleged to have been injury by the negligence of the defendant, of which there was evidence on the trial, and, among other things, that the boy was not instructed by his employer, the defendant, as to its proper operation: *Held,* it was the duty of the defendant to have previously given to plaintiff such warning and instruction as was reasonably required by his youth, inexperience, and want of capacity to enable him, with the exercise of ordinary care, to perform the duties of his employment, under the existing conditions, with reasonable safety to himself.

**5. Employer and Employee—Master and Servant—Dangerous Instrumentalities—Duty of Master.**

It is the duty of the employer to select a power-driven machine, at which his employee is required to work in the performance of his duties, with reasonable care and prudence as to its safety, and it is actionable negligence where the employer has failed to select one that is reasonably safe for the work to be done, or one that he knew to be defective, or where he should have known it in the exercise of ordinary care, and the defect proximately caused the injury complained of in the employee's action.

**6. Same—Contributory Negligence—Questions for Jury—Instructions—Trials.**

Where the evidence tends to show that the plaintiff, defendant's employee, has proximately caused the injury alleged by the negligence of the defendant in failing to furnish a reasonably safe machine with which the

24—183

plaintiff should do dangerous work, the question of the plaintiff's contributory negligence, if pleaded and relied on, is ordinarily for the determination of the jury, under proper instructions from the court.

**7. Instructions—Presumptions—Appeal and Error.**

It will be presumed, on appeal, that the jury have given the charge of the court a fair and reasonable construction, and a charge upon any phase of the case must be examined with its own ·context, and that of the entire charge, so as to disclose its real meaning and import.

APPEAL by defendant from *Webb, J.,* at September Term, 1921, of GUILFORD.

The infant plaintiff sued *in forma pauperis,* and by his next friend, to recover damages for an injury sustained by him, at the age of 15 years, while operating a moulder in the defendant's wood-working plant, on the ground of the defendant's negligence. His foot was caught in the belt, carried into the pulley, his knee held by a protruding shaft, while the pulley ·carried the foot on around itself, breaking the bones and forcing them through the flesh. He was in the hospital seven weeks, and since the injury can get around a step or two at a time, using a crutch all the time. The jury answered the issues of negligence and contributory negligence in favor of the plaintiff, and allowed $1,500 as damages. The defendant appealed.

*W. P. Bynum, R. C. Strudwick, and S. S. Alderman for plaintiff.
Shuping, Hobbs & Davis and F. P. Hobgood, Jr., for defendant.*

WALKER, J. We will consider the exceptions of the defendant according to the order of their statement in the record. The plaintiff undertook to show that the moulding machine at which the plaintiff was injured while at work with it, was not the kind which was approved and in general use in similar mills, and, in order to do so, he offered considerable testimony, some general and some special in character, which is set forth by questions and answers in the case. It is stated that to all of said questions and answers the defendant objected. But in this form, the objection is entirely too general, as the record shows. It was taken to a mass of evidence, each exception referring to a page or more of evidence, some of which is undoubtedly competent. No question or answer was singled out and alleged to be incompetent; nor was any of these objections directed to any specific part of this testimony. Such an exception will not be considered. *Barnhardt v. Smith,* 86 N. C., 473; *S. v. Ledford,* 133 N. C., 714, 722; *Buie v. Kennedy,* 164 N. C., 290, 300. But an examination of this evidence, if objection had been properly taken to it, will disclose that it was both relevant and competent. The plaintiff alleged that the particular machine, at which he was injured while operating the same, was not such as had been

approved and was in general use for the purpose to which it was being applied; and, besides, that it was in itself a defective machine, and in a state of disrepair, and that the angled handle to the pressure bar, which ordinarily projected from under the belt and allowed pressure to be applied without coming in contact with, or in dangerous proximity to, the belt, had been broken off and negligently allowed to remain in that condition, leaving a straight bar entirely under the belt and dangerously located so that pressure could not be applied without bringing the foot into contact with, or too near to the moving belt; and further, that the machine was defective and unsafe in that the weight was too light to perform its intended function.

The testimony of the witness referred to in assignment one, as to the kind of moulder in approved and general use and the respect in which the machine causing the injury differed therefrom, was competent. There was no evidence in the record that any machine other than the kind described by the witnesses as being in general and accepted use was used by other mills engaged in the same business.

The evidence objected to under assignments 2 and 3 was that originally the pressure bar had a right-angled projection from under the belt, upon which projection the foot of the operator could be placed to increase pressure without danger of coming in contact with the belt, and that this projection had been broken off prior to the injury and the pressure bar left straight and entirely under the drive belt, so that when pressure was applied to it the operator must insert his foot between the bar and the belt moving just above it. This was, of course, competent and very pertinent to the allegations of the defectiveness and dangerous condition of the machine. The only objection we believe the defendant could have to this evidence is that it tended strongly to prove negligence. That, of course, was not the ground, but as proof of negligence it was competent.

The motion to nonsuit was properly disallowed, as there was sufficient evidence for the jury upon the question of negligence. It was alleged, and there was evidence to show, that the plaintiff was a boy about 15 years old, and without experience in the management and operation of such a machine, which was somewhat complicated and dangerous to one of his age, having no experience or instructions as to how it should be operated without danger to himself, or as to how danger in its operation could be avoided. It was contended by the plaintiff that the machine was defective and unsafe in that the weight on the pressure bar had had the set screw, which should have held it in place on the bar, broken off, and the weight had been negligently tied on with a piece of wire from the scrap pile instead of being properly repaired, and that the defendant knew of this condition through its foreman, Fines.

The question at last was whether the defendant had selected the machine with reasonable care and prudence so as to procure one which had been approved. and was in general use, and had used ordinary care to keep it in proper repair, so as to make it reasonably safe for his employee to use it in performing his work, and if the employer knew it was defective, or should have known it, in the exercise of ordinary care, he should have warned the employee of any danger arising therefrom. We held in *Ensley v. Lumber Co.,* 165 N. C., 687, and also in *Dunn v. Lumber Co.,* 172 N. C., 129, that it is the duty of the master to exercise due care in furnishing his servant with a reasonably safe place to work and reasonably safe and proper machines, tools, and appliances with which to do the work, and in the case of youthful or inexperienced employees this further duty rests upon him: Where the master knows, or ought to know, the dangers of the employment, and knows, or ought to know, that the servant, by reason of his immature years or inexperience, is ignorant of or unable to appreciate such danger, it is his duty to give him such instruction and warning as to the dangerous character of the employment as may reasonably enable him to understand its perils. But the mere fact of the servant's minority does not charge the master with the duty to warn and instruct him if he in fact knows and appreciates the dangers of the employment, and generally it is for the jury to determine whether, under all the circumstances, it was incumbent upon the master to give the minor, at the time of his employment or at some time previous to the injury, instructions regarding the dangers of the work, and as to how he could safely perform it. It is the duty of a master who employs a servant in a place of danger to give him such warning and instruction as is reasonably required by his youth, inexperience, and want of capacity, and as will enable him, with the exercise of ordinary care, to perform the duties of his employment with reasonable safety to himself, citing 26 Cyc., 1174-1178; *Turner v. Lumber Co.,* 119 N. C., 387; *Marcus v. Loane,* 133 N. C., 54; *Walter v. Sash and Blind Co.,* 154 N. C., 323; *Fitzgerald v. Furniture Co.,* 131 N. C., 636; *Rolin v. Tobacco Co.,* 141 N. C., 300; *Leathers v. Tobacco Co.,* 144 N. C., 350. See *Holt v. Mfg. Co.,* 177 N. C., 170, and *Marks v. Cotton Mills,* 135 N. C., 287.

There was sufficient evidence in the case to prove that the moulding machine in question was not such as had been approved and was in general use; that it was defective, or out of repair; that plaintiff was inexperienced in its use and operation, and required instruction as to how he should deal with it, and generally that defendant was negligent in performing its legal duty toward him as its employee. As to whether plaintiff was himself negligent, and by his want of ordinary care caused or contributed to his injury, was manifestly a question for the jury

under proper instructions from the court. Negligence on his part was not so conclusively shown, if shown at all, as authorized a nonsuit.

The charge of the court presented the case to the jury in all of its material phases, and substantially responded to all of the defendant's prayers for instructions, so far as they should have been given. The real questions in the case were largely those of fact and the few relevant principles were simple in themselves and correctly applied by the court, which fully and accurately stated to the jury the legal duty of the master to use due care in providing the servant with reasonably safe and suitable machinery and a reasonably safe place in which to do his work, the measure of this duty being that he shall use ordinary care in the performance of it. The charge, in this respect, was not at all in conflict with the rule as laid down in *Smith v. R. R.*, 182 N. C., 290, nor do we think the jury could have so seriously misunderstood the charge which was in substantial agreement with *Marks v. Cotton Mills*, 135 N. C., 287, and the other cases we have cited.

The particular instruction as to the youth and the experience of the plaintiff which is criticised by the defendant's counsel, must receive a fair and reasonable construction, such as we must suppose an intelligent and sensible jury would give it, and it must also be examined with its own context and that of the entire charge, so as to disclose its real meaning and import—and thus considered it was a sufficiently accurate statement of the law. Besides, we find that the court in one part of the charge gave full and explicit instructions to the jury as to the law if they found that the plaintiff had sufficient knowledge of the machine and the method of using it, and was apprised of the risk and danger in operating it.

Having considered this case fully, and especially with reference to the assignments of the defendant, no error can be found which should induce us to disturb the judgment.

No error.