A. L. PRIDGEN v. M. R. GIBSON.

(Filed 28 September, 1927.)

**Evidence—Expert Opinion—Physicians and Surgeons—Witnesses — Appeal and Error—Discretion of Court—Reversal.**

A general practitioner as a physician may qualify as an expert to give his opinion as such in a personal injury case for alleged malpractice, though he may not have specialized in that particular field in this case as an oculist; and where the trial judge has held him to be disqualified as a matter of law on this ground alone, his judgment does not fall within his discretion, and is reviewable on appeal.

APPEAL by plaintiff from *Grady, J.,* at May Term, 1927, of WARREN. Reversed.

This was a civil action brought by the plaintiff to recover damages for the loss of an eye alleged to have been caused by the negligence of the defendant. The material allegations in the complaint may be abridged. The defendant and Dr. C. E. Foley were associated as co-partners under the name of Gibson & Foley Clinic, with offices in the city of Raleigh, and were engaged as practitioners in treating diseases of the eye, ear, nose, and throat. The plaintiff is a carpenter, and while doing some work on 24 February, 1925, he struck the head of a hatchet with a hammer, thereby causing a small piece of steel to lodge in the back part of his eye. On the advice of a local physician he consulted the defendant, by whom his eye was examined with a microscope used in connection with a small electric bulb, but not with an X-ray machine, which was then available. The defendant negligently and wrongfully assured the plaintiff that by using the microscope he could examine all parts of his eye, and told him after the examination there was nothing in it; and although the plaintiff insisted that a particle had lodged in and had injured his eye, the defendant negligently allowed it to remain there until it was discovered by another through the use of an X-ray machine. The plaintiff then consulted a specialist in New York, who removed the steel, but not until it was too late to save the sight. It is alleged that the loss of the eye was proximately caused by the defendant's failure to use due care and to exercise reasonable judgment in the examination and treatment of the injured eye.

The defendant denied the material allegations of the complaint and alleged that the treatment given the plaintiff was such as is usual and customary in cases of this character, and such as the defendant administered in the exercise of his best judgment; and further that the loss of sight was due to the injury itself and not to any treatment or lack of treatment on the part of the defendant.

At the conclusion of the evidence the trial court dismissed the action as in case of nonsuit, and the appeal is prosecuted for a reversal of the judgment upon errors assigned in the record.

*Williams & Banzet and John H. Kerr for plaintiff.*
*George C. Green for defendant.*

ADAMS, J. If the appellant can maintain the position that the trial court excluded relevant and material evidence to which he was entitled, the judgment dismissing the action must be reversed. Whether competent evidence was excluded is the question to be considered.

For the purpose of establishing certain allegations in the complaint the appellant introduced as his witnesses three practicing physicians (Dr. MacRae, Dr. Peete, and Dr. Hunter), and propounded to each

some questions which were hypothetical and others which, though not based upon assumed facts, were intended to elicit answers relating to matters of science, but his Honor held that the proposed evidence was not admissible because the witnesses were not experts.

This Court has insistently upheld the general propositions that with respect to special skill or experience the competency of a witness is to be determined by the court as a question preliminary to the admission of evidence, and that when objection is made to the testimony of a witness who is offered as an expert, there must be a finding by the court or an admission or a waiver by the adverse party that the witness is qualified, such determination being to a degree a matter of judicial discretion. *Flynt v. Bodenhamer,* 80 N. C., 205; *Blue v. R. R.,* 117 N. C., 644; *Lumber Co. v. R. R.,* 151 N. C., 217; *Boney v. R. R.,* 155 N. C., 95. It is not our purpose to impair the force of this practical and salutary rule, but rather to apply the principle that the preliminary question is subject to review by the appellate court when it is obviously made to turn upon error in law, for by rules of law the qualifications necessary to enable witnesses to testify as experts are prescribed as well as ascertained. *Davis v. State,* 44 Fla., 32; *Perkins v. Stickney,* 132 Mass., 217. The record does not reveal the grounds upon which the physicians examined on behalf of the plaintiff were declared not qualified to testify as expert witnesses, but we were informed during the argument (and it appears in the appellant's brief) that the reason assigned was their failure to show that they were specialists in the treatment of the eye. Indeed, a considerable part of the appellant's argument here was addressed to this proposition.

Whether an expert is necessarily a technical specialist, or, expressed differently, whether none but a specialist can testify as an expert, is not a matter of judicial discretion the exercise of which by the trial court is final; it is a question of law which is subject to review by the appellate tribunal. In *Dole v. Johnson,* 50 N. H., 453, it is said that the irreversible discretion of the court must be limited by the rules of law, and that before the court, in its discretion, can be permitted to determine the fact whether the witness is qualified to give an opinion, it must be established as matter of law that he comes within the legal category or is included among experts. He may be wrongfully excluded through an erroneous conception of the law. If a physician who is duly licensed by the proper authorities to engage in the general practice of his profession says that assuming a hypothetical statement of facts to be true he can express an opinion satisfactory to himself as to a question of science pertaining to a particular branch of medicine, he is not precluded from testifying as an expert simply because he is

not a technical specialist in that particular department. The word "expert" has been variously defined: "A man of science"; "a person conversant with the subject-matter"; "a person of skill"; "a person possessed of science or skill respecting the subject-matter"; "one who has made the subject upon which he gives his opinion a matter of particular study, practice, or observation." The basic theory is that the opinions of experts are admissible on questions of science, skill, or trade, or on questions which so far partake of the nature of a science as to require a course of previous study, not necessarily technical specialization in any department. *Jones v. Tucker,* 41 N. H., 547.

In his work on Expert Testimony, 99, 101, Rogers says the principle is established that physicians and surgeons of practice and experience are experts in medicine and surgery, and that their opinions are admissible in evidence upon questions that are strictly and legitimately embraced in their profession and practice; also that it is not necessary that the medical witness should have made a specialty of the particular disease which is the subject of inquiry. Lawson, reaching the same conclusion, observes that a physician or surgeon need not have made the particular disease involved in any inquiry a specialty as prerequisite to the admission of his testimony as that of an expert, but if he has made the subject a specialty his opinion may be of more value than it would have been if he had not. Expert and Opinion Evidence (2 ed.), 136. Greenleaf states the result of his research in these words: "On matters in which special medical experience is necessary, the question may arise whether a general practitioner will suffice, or whether a specialist in the particular subject is necessary. The courts usually and properly repudiate the finical demand for the latter class of witnesses."

The principle enunciated by these writers and supported by the utterance of many courts of last resort represents the prevailing doctrine and must be regarded as a determining factor in passing upon the appellant's exceptions. *Valmas Drug Co. v. Smoote,* 269 Fed., 359; *Hathaway's Admr. v. Nat. Life Ins. Co.,* 48 Vermont, 351; *Olmsted v. Gere,* 100 Pa. St., 127; *Bates v. Fluharity's Guardian,* 201 S. W., 10; 22 C. J., 526, sec. 610.

Dr. Neill MacRae testified that he was a graduate of the University College of Medicine, in Richmond, Virginia; that he had studied the structure of the eye and the anatomy of the body; that he had been engaged in the practice of medicine for twenty-seven years, and further: "From my knowledge of medicine and the structure of the eye I think I know what is the proper thing to do if there is a foreign body in the eye, based upon the facts." This was equivalent to testimony that upon an assumed statement of facts he could form an opinion

satisfactory to himself as to the manner in which an injured eye should be treated *(Blue v. R. R., supra);* and, plainly, he was a physician of experience, for, as remarked by *Smith, C. J.;* if a regular and continuous practice in his profession for thirty years does not entitle the witness to be regarded as an expert, or experienced physician, it is difficult to conceive what would do so. *Flynt v. Bodenhamer, supra.* True, on cross-examination the witness said he had had only a general and not a special practice in the treatment of the eye; that he was not a specialist in anything, but only a country doctor whose practice had been confined to "ordinary country diseases." These facts would no doubt be considered by the jury in estimating the probative value of his testimony; but if, as in substance he said, he could form an opinion satisfactory to himself upon assumed facts as to the proper method of treating the eye, the mere circumstance that he was not a specialist in this particular field would not as a matter of law disqualify him from expressing an expert opinion. If the ruling had been put upon the broad ground that his professional knowledge and training were not such as to satisfy the court of his competency to testify as an expert witness it is not improbable (in the absence of abuse or palpable error) that a case of "irreviewable discretion" would have been presented; but to say that a witness may not express an expert opinion unless he can qualify as a specialist raises an entirely different question. On another trial this matter may be settled by a specific statement of the ground upon which the finding is made to rest. The same principle applies to his Honor's disposition of the testimony of Dr. Peete and Dr. Hunter. We need not declare whether if either of these witnesses had testified as an expert all his proposed testimony as it appears in the record would have been competent; we find upon inspection that parts of it have a direct bearing upon the issues raised by the pleadings in the cause.

The judgment of nonsuit is reversed to the end that there may be a new trial.

Reversed.