This is an action to recover damages for injuries both to the persons and to the property of the plaintiffs which were caused by the operation by the defendant Rudisill Gold Mine, Inc., as lessee of the defendant Carson Realty Company, of a gold mine which is located on property adjoining the property of the plaintiffs within the corporate limits of the city of Charlotte, N.C.
It is alleged in the complaint that by the maintenance and operation of the gold mine described therein, the defendants have created a nuisance which has caused injuries both to the persons and to the property of the plaintiffs. This allegation is denied in the answers of both the defendants.
At the close of all the evidence, the motion of the defendant Carson Realty Company that the action be dismissed as to said defendant by judgment as of nonsuit, was allowed. Judgment was rendered accordingly.
The evidence offered by the plaintiffs and by the defendant Rudisill Gold Mine, Inc., tended to support their conflicting contentions as to the facts.
Issues arising on the pleadings of the plaintiffs and of the defendant Rudisill Gold Mine, Inc., were submitted to the jury. The first and second issues were as follows:
"1. Are the plaintiffs A. M. Mewborn and his wife, Florence A. Mewborn, owners as tenants by the entirety of the property described in the complaint? Answer: _______.
"2. Did the defendant Rudisill Gold Mine, Inc., maintain and operate the gold mine referred to in the complaint so as to create a nuisance, as alleged, to the time of the trial? Answer: _____."
The first issue was answered "Yes (by consent)." With respect to the second issue, the court instructed the jury as follows:
"On the second issue, the burden is on the plaintiffs to satisfy the jury by the greater weight of the evidence that the defendant Rudisill Gold Mine, Inc., did maintain and operate the gold mine referred to in the complaint so as to create a nuisance, as alleged, and that it did so up to the time of the trial.
"One who owns, or maintains and operates, a mining plant must take proper precautions to prevent unnecessary or excessive noises, or vibrations, or glaring lights, from becoming a nuisance to those residing in such proximity as to be injuriously affected by such noises, vibrations, or lights, amounting to a nuisance, but this being done, unavoidable *Page 546 
noises, and vibrations, and necessary lights must be considered as inconveniences to which neighbors must submit.
"The court further charges you, gentlemen of the jury, that mere noise, in itself, is not a nuisance, but noise may become a nuisance if it be of such excessive character as to produce actual physical discomfort, and annoyance to a person of ordinary sensibilities.
"The court further charges you, gentlemen of the jury, that as many useful acts are necessarily attended with more or less noise, vibrations, and lights, reasonable noise, vibrations, and lights, which are not excessive and abnormal under the circumstances, do not constitute a nuisance.
"Now, gentlemen of the jury, the court further instructs you on the second issue that the operation of a mine must occasion more noise and vibration than necessarily results from the operation of other plants of like kind and character, operated as a reasonably prudent man or miner would operate them under like circumstances, in order to constitute such operation a nuisance. Although the operation may be to some extent annoying, if not annoying to the extent of amounting to a nuisance — that is, excessive, or unreasonable, greater than other mining plants of like kind and character, operated by reasonably prudent miners, then, gentlemen, it must be submitted to.
"Again, gentlemen, the court instructs you, with the hope of aiding you in understanding the charge, to create a nuisance for which damages may be recovered, the noise and vibration must be either excessive or unreasonable in degree, and of such character as to produce physical discomfort to a person of ordinary sensibilities; the injuries must be real, gentlemen, and not fanciful.
"Now, gentlemen, applying these principles of law to this case, and addressing myself to the second issue, the court instructs the jury that if the jury shall find from the evidence, and by its greater weight, the burden being upon the plaintiffs on the second issue, that the maintenance and operation of the defendant's mine occasioned more noise and vibration than necessarily resulted from the operation of other plants of like kind and character, i.e., other plants of like kind and character, that such noise and vibration were excessive, or unreasonable in degree, and of such character as to produce physical discomfort and annoyance to a person of ordinary sensibilities, or injury to property, which could have been avoided but for such excessive or unreasonable operation, as I have defined them, and as alleged in the complaint, then, gentlemen of the jury, the court instructs you that if you find all of this by the greater weight of the evidence, that would amount to a nuisance, and it would be your duty to answer the second issue `Yes'; if you fail to so find, by the greater weight of the evidence, it would be equally your duty to answer the second issue `No.'" *Page 547 
The jury answered the second issue "No."
From judgment that they recover nothing of the defendant Rudisill Gold Mine, Inc., by this action, the plaintiffs appealed to the Supreme Court, assigning errors in the instructions of the court to the jury.
On their appeal to this Court, the plaintiffs contend that the trial court should have instructed the jury that the question as to whether the gold mine which is operated by the defendant is a nuisance depended not only on the manner in which it was operated by the defendant, but also on its location. They contend that the failure of the court to so instruct the jury was error, for which the plaintiffs are entitled to a new trial.
All the evidence at the trial showed that both the plaintiffs' property, which the plaintiffs occupy as their home, and the gold mine which the defendant operates, are located within the corporate limits of the city of Charlotte, N.C. and that plaintiffs' property adjoins the property on which the gold mine is operated by the defendant.
It is undoubtedly true, as contended by the plaintiffs, that the location of a mine or factory — whether in a city or town or in the country — whether in a residential or business district of a city or town — should be considered by the jury in determining whether the operation of the mine or factory creates a nuisance for which a plaintiff may recover damages, when its operation results in injury to his person or property. 46 C. J., p. 666, sec. 32, and cases cited to support the principle stated in the text. Conceding that in the instant case, the jury should have been instructed to consider the location of the gold mine operated by the defendant in determining whether such operation is a nuisance, we are of opinion that the trial court did, in effect, so instruct the jury.
Taking the charge as a whole, and not disconnectedly (see Teseneer v.Mills Co., 209 N.C. 615, 184 S.E. 535), and interpreting the instructions in the light of all the evidence (see In re Will of Hardee,187 N.C. 381, 121 S.E. 667), we hold that there was no error in the instructions with respect to the second issue for which plaintiffs are entitled to a new trial. The answer to the second issue is determinative of the action. The judgment is affirmed.
No error. *Page 548