TERESA McGREGOR v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION.

(Filed 28 September, 1938.)

**1. Insurance § 38—Definition of "disease."**

A "disease" may be defined as a "deviation from the healthy or normal condition of any of the functions or tissues of the body" or as "a morbid condition of the body."

**2. Same—Evidence held insufficient to show that insured suffered from a disease within the meaning of health policy.**

Evidence that an X-ray disclosed that insured had impacted wisdom teeth, that they had given her no trouble, pain or illness, and might never have done so, but that insured voluntarily submitted to an operation for their removal, *is held* insufficient to show that insured suffered a disease within the meaning of the policy of health insurance issued by defendant, since it discloses that the disability resulted from the operation rather than the condition of the teeth.

**3. Insurance § 39—Evidence held insufficient to show that alleged "disease" was contracted after the policy had been in force 30 days.**

The health policy sued on provided benefits in case insured should suffer disease commencing during the life of the policy and after it had been in force for thirty days. Insured's evidence disclosed that less than thirty days after the issuance of the policy her dentist discovered by means of X-rays that insured had fully developed, impacted wisdom teeth, and that

more than thirty days after the issuance of the policy insured submitted to an operation for their removal. *Held:* Conceding that impacted wisdom teeth constitute a "disease" within the meaning of the policy, the evidence discloses that the condition existed long before the issuance of the policy and that insured knew of the condition less than thirty days after the issuance of the policy, and therefore the condition was not contracted during the life of the policy and after it had been in force for thirty days.

Appeal by defendant from *Johnston, J.,* at April Term, 1938, of Rutherford.

Civil action to recover on policy of health insurance.

This action was instituted in the justice of peace court of Rutherford County, and, on appeal, was tried *de novo* in the Superior Court.

The evidence tends to show these facts:

On 4 September, 1936, defendant issued to plaintiff a policy of health and accident insurance which contained these pertinent provisions: "Part 1. The Insuring Clause: This policy insures against . . . (b) loss from disease contracted during the life of this policy and after it has been maintained in continuous force for thirty (30) days from its date, disease so contracted being hereinafter referred to as 'such illness,' —as hereinafter limited and provided." . . . "Part 8. Monthly Illness Indemnity. Section A. If on account of 'such illness,' not hereinafter excepted, the insured shall, commencing during the life of this policy, be necessarily and continuously confined within the house . . ."

Prior to 3 October, 1936, plaintiff discovered, through X-ray by her dentist, that she had four impacted wisdom teeth—fully developed and grown across her mouth. She had not had any trouble, pain or illness from them. Plaintiff. testified: "Some people keep them all their days and they don't bother you." On 3 October, 1936, her dentist informed her that he had an engagement for her to see a doctor in Charlotte on 5 October for examination and, if that doctor thought it necessary, for an operation. She went to Charlotte and the operation was performed on 5 October. As a result of the operation she was confined to her bed and room two weeks, and was unable to do any work for three more weeks.

Motions of defendant, in apt time, for judgment as of nonsuit were overruled. Exception.

There was verdict for plaintiff. From judgment thereon defendant appealed to Supreme Court, and assigns error.

*Wade B. Matheny for plaintiff, appellee.*
*J. Laurence Jones and Horace Kennedy for defendant, appellant.*

McGREGOR v. ASSURANCE CORPORATION.

WINBORNE, J.   Taken in the light most favorable to plaintiff, the evidence fails to bring her disability within the provisions of the policy of health insurance upon which this action is based.   The policy insures against loss resulting from disability from disease contracted during the life of the policy and after it has been in continuous effect for thirty days from its date.   The language is clear and unmistakable and needs no interpretation.   Hence, we inquire: Did the disability of plaintiff result from "disease"?   "Disease" has been defined as "an alteration in the state of the human body . . . or of some of its organs or parts interrupting or disturbing the performance of the vital functions, or of a particular instance or case of this;" as "deviation from the healthy or normal condition of any of the functions or tissues of the body"; and as "a morbid condition of the body."   These definitions have been adopted in one form or the other in the decisions of numerous courts.   Black's Law Dictionary, 3rd Ed.; 18 C. J., 1139.   *Order of the United Commercial Travelers v. Nicholson,* 9 F. (2 d), 7-14; *Perry v. Van Motre,* 176 Mo. App., 100, 161 S. W., 643-647; *Merrion v. Hamilton,* 64 Ore., 476, 130 P., 406-407; *Pilgrim Health & Life Ins. Co. v. Gomly,* 40 Ga. App., 30, 148 S. E., 666.   *Sovereign Camp, Woodmen of the World v. Treanor,* 217 S. W., 204-206; *Independent Life Ins. Co. v. Butler,* 221 Ala., 501, 129 So., 466.

Applying these definitions to the facts of the case at bar, can it be said that impacted teeth, which have caused no trouble, pain or illness, constitute a disease?   We cannot so hold.   The plaintiff did not know she had them until the X-ray was made.   They had given her no trouble or pain.   There was no disturbance in the performance of any of the functions or tissues of the body.   No morbid condition existed.

The evidence shows that the sickness was the result of the operation to which plaintiff voluntarily submitted.   She might never have had any trouble, pain or sickness from the teeth if they had not been removed.   It was the removing of them that caused her trouble.

If, however, it should be conceded that the impacted teeth constituted a disease, the evidence is clear that that condition had existed for a long time before the policy was issued.   The teeth were fully developed.   And, the plaintiff knew of the condition, certainly within the thirty-day period next after the date of the policy.

Defendant's motion for judgment as of nonsuit should have been sustained.   The judgment below is

Reversed.