S. C. RIPPLE v. T. A. M. STEVENSON.

(Filed 2 June, 1943.)

**1. Partnership § 5—**

In an action by one partner against the other on a promissory note, which appears on its face to be a personal transaction between the parties, which the plaintiff's evidence confirms, a motion for nonsuit was properly denied.

**2. Contracts §§ 8, 16—**

It is permissible for the parties to agree that a note shall be paid only in a certain manner, i.e., out of a particular fund, by the foreclosure of collateral, or from rents collected, etc. And this part of the agreement may be shown, though it rests in parol.

APPEAL by defendant from *Gwyn, J.,* at January Term, 1943, of FORSYTH.

Civil action to recover on promissory note in words and figures as follows:

"$2500.00                          Winston-Salem, N. C.

                                   Oct. 22, 1930

"Ninety days after date, I promise to pay to S. C. Ripple or order Twenty-Five Hundred & No/100 Dollars for value received in Services payable with interest after date at Wachovia Bank & Trust Company.

                          T. A. M. Stevenson    (Seal)."

The plaintiff alleges that on 15 April, 1932, the defendant made a payment of $75.00 on his note, which was duly credited thereon. The present action was instituted 11 April, 1942.

The defendant admits the execution of the note, but pleads that it was to be paid out of rents or profits to be derived from an office building to be erected on a lot owned by plaintiff and defendant as tenants in common. It is admitted that there were no such rents or profits.

The defendant further pleads payment of $1,143.80 on 22 June, 1931, derived from other transactions, which he alleges the plaintiff failed to credit on the note. He also pleads the ten-year statute of limitations in bar of the plaintiff's right to recover.

Upon the issues thus joined, the jury returned a verdict in favor of the plaintiff. From judgment thereon, the defendant appeals, assigning errors.

*Fred M. Parrish for plaintiff, appellee.*

*Richmond Rucker and Womble, Carlyle, Martin & Sandridge for defendant, appellant.*

STACY, C. J. We have here for determination, (1) the merit of the motion for judgment as in case of nonsuit, and (2) the correctness of the charge.

The right to maintain the action is challenged on the ground that the plaintiff is not the real party in interest, as the "services" for which the note was given were rendered to the partnership of Ripple and Stevenson. *Chapman v. McLawhorn,* 150 N. C., 166, 63 S. E., 721. Even so, it also appears that the note represents a personal transaction between the parties. At least, such is the plaintiff's evidence, and this would seem to be sufficient to defeat the motion for judgment of nonsuit under one or more of the exceptions set out in *Pugh v. New Bern,* 193 N. C., 258, 136 S. E., 707.

It is permissible for the parties to agree that a note shall be paid only in a certain manner, *e.g.*, out of a particular fund, by the foreclosure of collateral, or from rents collected from a certain building, etc. *Jones v. Casstevens,* 222 N. C., 411. And this part of the agreement may be shown, though it rest in parol. In *Wilson v. Allsbrook,* 203 N. C., 498, 166 S. E., 313, the alleged agreement was, that the note there in suit should be paid "from rents collected by the defendant." Here, the defendant alleges a similar agreement. However, the jury did not accept the defendant's contention in respect of the mode of payment. See *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847; *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320.

In the light of the theory of the trial, as announced in the pleadings and pursued on the hearing, the case presents little more than controverted issues of fact, determinable alone by the jury. There are a number of exceptions to the charge, some of omission, others of commission, but a careful perusal of the entire record induces the conclusion that none of them can be sustained. It would be repetitious of familiar principles to discuss them in detail. The usual formula of contextual interpretation is to be applied to the charge. *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360.

On the record as presented, the verdict and judgment will be upheld.

No error.