71 S.E.2d 915 (1952)
236 N.C. 141
In re HUMPHREY.
No. 380.
Supreme Court of North Carolina.
August 22, 1952.
*916 Jones, Reed & Griffin, Kinston, and Summersill & Summersill, Jacksonville, for petitioner appellant.
Warlick & Ellis and John R. B. Matthis, Jacksonville, for respondent appellee.
VALENTINE, Justice.
At the trial in the Superior Court, both petitioner and respondent offered evidence tending to support their respective contentions. Three doctors and twelve lay witnesses testified for petitioner, while three doctors and eight lay witnesses testified for respondent. All of the testimony tended to show that respondent in 1938 had suffered a cerebral hemorrhage resulting in partial paralysis, and had suffered a similar attack in 1950. The doctors testifying for petitioner described the physical and, to some extent, the mental condition of respondent, but neither asserted an opinion that respondent was mentally incapable of managing his own affairs. However, several lay witnesses for petitioner advanced the opinion that respondent was mentally incompetent of managing his business affairs. On the other hand, each of the doctors who testified for respondent gave as his opinion that respondent was mentally capable of managing his own affairs. Bruce v. O'Neal Flying Service, 234 N.C. 79, 66 S.E.2d 312. In this opinion all of respondent's lay witnesses concurred. In re Will of Brown, 203 N.C. 347, 166 S.E. 72; State v. Witherspoon, 210 N.C. 647, 188 S. E. 111. Hence, a jury question was squarely presented, Clark v. Laurel Park Estates, *917 196 N.C. 624, 146 S.E. 584; Pendergraft v. Royster, 203 N.C. 384, 166 S.E. 285, with the burden of the issue upon the petitioner. 28 AJ 752; Odom v. Riddick, 104 N.C. 515, 10 S.E. 609, 7 L.R.A. 118.
Petitioner in the progress of the trial noted a number of exceptions, the first of which relates to the competency of Dr. W. E. Shoemaker to testify as an expert. The qualifications and competency of this witness were fully inquired into by the court and upon all the evidence introduced bearing upon this question, the court held that Dr. Shoemaker was an expert and allowed him to testify as such with respect to the mental condition of respondent. The question of the competency of this witness rested in the sound discretion of the presiding judge and is not reviewable on appeal, except upon a showing that the court abused its discretion, or upon a showing that there was no evidence to support the findings of the court. Pridgen v. Gibson, 194 N.C. 289, 139 S.E. 443, 54 A.L.R. 855; State v. Combs, 200 N.C. 671, 158 S.E. 252; LaVecchia v. North Carolina Joint Stock Land Bank, 218 N.C. 35, 9 S.E.2d 489; State v. Smith, 221 N.C. 278, 20 S.E.2d 313; State v. Smith, 223 N.C. 457, 27 S.E.2d 114. It appears that the court's discretion in this respect was not abused and that his Honor's ruling was based upon sufficient evidence.
There was no evidence in the record that the respondent was an inebriate, that he suffered from senile dementia, or that he was mentally defective in any way except that which was caused by a cerebral hemorrhage resulting in partial paralysis. Hence it was unnecessary for the court to charge the jury upon any other phase of mental incapacity.
The method by which the court illustrated the meaning of "the greater weight of the evidence" could not, in view of the whole charge, have prejudiced the petitioner and his exception thereto is without substantial merit.
The petitioner complained of the definition used by the court in describing "mental incapacity." On this question the court said, "that incompetency from want of understanding to manage one's own affairs means that a person is suffering with a mental illness which so lessens the capacity of that person to use the customary selfcontrol, judgment and discretion in the conduct of his affairs and social relations as to make it necessary, or advisable, for him to be under treatment, care, supervision, guidance or control." Petitioner's exception on this point is also without merit. The definition used by the court is substantially in the language prescribed by G.S. § 35-1.1 and is therefore a valid instruction, especially since there was no evidence of any mental incapacity except that which arose from the cerebral hemorrhage. A cerebral hemorrhage, such as that suffered by the respondent, is a mental illness within the terms of the statute and its application to the facts in this case. Bailey v. Life Insurance Co., 222 N.C. 716, 24 S.E.2d 614, 166 A.L.R. 826; McGregor v. General Accident, Fire & Life Assurance Corp., 214 N. C. 201, 198 S.E. 641.
A charge must always be considered in its entirety and with a view to a harmonization of all of its component parts. White v. Hines, 182 N.C. 275, 109 S.E. 31; Sutton v. Melton-Rhodes Co., 183 N.C. 369, 111 S.E. 630; Mewborn v. Rudisill Gold Mine, Inc., 211 N.C. 544, 191 S.E. 28; Ripple v. Stevenson, 223 N.C. 284, 25 S.E.2d 836.
We think that the charge of the court, when analyzed in the light of the applicable rules, fully complies with G.S. § 1-180 and is free from reversible error. The case has been submitted to two juries, both of which decided in favor of the respondent, and a careful perusal of the entire record fails to justify a new trial. Therefore, the verdict will be upheld and the judgment sustained.
No error.