BANK OF VANCE, RECEIVER OF FARMERS AND MERCHANTS BANK, v. ETHEL D. CROWDER AND R. B. CROWDER.

(Filed 5 October, 1927.)

1. **Husband and Wife—Deeds and Conveyances—Gifts—Presumptions—Instructions.**

   Where the cashier of a bank misappropriated its funds and used it as a part payment for lands to which he takes title in his wife, and there is no evidence tending to show that the wife repaid her husband or that it was repaid to the bank, it raises a presumption of a gift by the husband to his wife, which equity will set aside at the suit of the bank, and an instruction that the law presumed the gift is, upon the evidence, not erroneous.

2. **Witnesses—Bookkeeping—Experts—Banks and Banking—Meaning of Entries of Books of Bank—Embezzlement.**

   An expert witness properly qualified may testify to entries made by its cashier upon the books of a bank, and their meaning tending to show his defalcation, when material to the inquiry. (See, also, *Bank v. Crowder, ante*, 312.)

APPEAL by defendants from *Grady, J.,* at June Term, 1927, of VANCE. The verdict was as follows:

1. Were the lands described in the complaint paid for, in whole or in part, by the money belonging to the Farmers and Merchants Bank, as alleged in the complaint? Answer: Yes.

2. If so, what amount of money belonging to said bank was invested in said lands? Answer: $600.

3. Is the plaintiff's cause of action barred by the statute of limitations? Answer: No.

*Kittrell & Kittrell, Perry & Kittrell and J. P. & J. H. Zollicoffer for plaintiff.*

*D. P. McDuffee and Thomas M. Pittman for defendants.*

ADAMS, J. It was alleged by the plaintiff, and all the evidence tended to show, that R. B. Crowder, cashier of the Farmers and Merchants Bank, while heavily indebted to the bank, discounted a promissory note for $600, which was then its property, without consideration therefor, and deposited the amount of the note to his personal credit; that with this money he purchased from J. A. Pilley and his wife a lot containing three acres and a half; and that he had the title thereto conveyed to his wife, Ethel D. Crowder. In her answer Mrs. Crowder admits the purchase was not made with her money, and there is no evidence that she has repaid her husband or the bank. The defendants neither testified nor introduced any witness; and there was no evidence tending to rebut the presumption of a gift from the husband to the wife.

The jury were instructed to answer the issues as they appear of record if they found the facts to be as testified to by all the witnesses. In this instruction we find no error. Admission of the testimony of the expert witness as to the entries found in the books kept by the cashier and their meaning was not improper. *S. v. Hightower,* 187 N. C., 307; *Loan Asso. v. Davis,* 192 N. C., 108. We have given attention to the other exceptions to the admission of evidence and to the judge's charge and find in them no sufficient grounds for a new trial. The equitable doctrine upon which the relief afforded by the judgment is founded is set forth in *Bank v. Ethel D. Crowder et al., ante,* 312, and need not be repeated here. The record presents no adequate reason for disturbing the judgment.