LEONARD LILES, BY HIS NEXT FRIEND, v. HANNAH PICKETT MILLS, INC.

(Filed 20 November, 1929.)

**Evidence K c—Competency of witness as expert is addressed to discretion of trial court and his finding is ordinarily conclusive.**

Whether a witness is competent to testify as an expert is a question primarily addressed to the sound discretion of the trial court, and his decision is ordinarily conclusive, and where an X-ray photograph of an injury bearing upon an issue involved in the action depends upon the explanation of an expert to make it understandable to the jury, the finding of the trial court that the witness was not qualified as an expert to give the explanation and excluding the photograph offered will not be disturbed on appeal.

APPEAL by plaintiff from *Shaw, J.,* at June Term, 1929, of RICHMOND. No error.

*Garrett & Page and W. R. Jones for plaintiff.*
*Fred W. Bynum for defendant.*

PER CURIAM. The plaintiff brought suit to recover damages for an assault alleged to have been inflicted upon him by an overseer of the defendant in a weaving room in which the plaintiff performed his work. The allegations of the complaint were denied and the first issue—"Was the plaintiff wrongfully assaulted by Arch White as alleged in the complaint?"—was answered in the negative. It was admitted that the plaintiff inflicted serious physical injury on the overseer, but the plaintiff contended that he had acted in self-defense. He alleged that during the encounter the overseer struck him with a wrench and fractured his skull. For the purpose of showing the fracture he offered in evidence an X-ray photograph taken by one of his witnesses. The judge expressed his willingness to admit the photograph in evidence provided expert testimony was introduced satisfactorily explaining the photograph to the jury, but held upon the evidence offered that the witness had not qualified himself as sufficiently expert in questions of anatomy to testify in reference to the proposed explanation. On this point he

therefore excluded the testimony of the witness. No other expert evidence was offered. We see no error in this ruling. Whether a witness is competent to testify as an expert is a question primarily addressed to the sound discretion of the court, and his decision is ordinarily conclusive. *S. v. Wilcox*, 132 N. C., 1120; *Hammond v. Schiff*, 100 N. C., 161. This is not in conflict with the decision of the Court in *Pridgen v. Gibson*, 194 N. C., 289. There it was held that the preliminary question as to the qualification of a witness is subject to review when it is obviously made to turn upon error in law, and that a witness who is an expert need not necessarily be a technical specialist. In this case it was found as a fact that the witness was not sufficiently qualified to express an expert opinion on questions of anatomy, and upon this finding the testimony was properly excluded.

No error.