STATE v. J. MACK RHODES.

(Filed 8 January, 1932.)

1. **Appeal and Error J b—Motion for continuance is addressed to discretion of trial court and his refusal is not ordinarily reviewable.**

   The granting or refusing of a motion of a party for a continuance of a cause rests in the sound discretion of the trial judge before whom it is heard, and the exercise thereof is not reviewable on appeal in the absence of gross abuse, and where it appears that the judge acted after a careful and unbiased investigation of the circumstances, his refusal to grant the motion will not be disturbed.

2. **Criminal Law G s—Books of bank held sufficiently identified and properly admitted in evidence in prosecution for embezzlement, etc.**

   Where the president and former cashier of a closed bank is tried for embezzlement, misappropriation of the bank's funds, false entries on its books and records, the testimony of an expert accountant employed to make an examination thereof that he found the books and records in the bank's vault upon opening it with keys furnished by the bank's cashier and bookkeeper, is sufficient evidence of their identification as the books and records of the bank, and they are properly admitted in evidence.

3. **Same—It is presumed that entries on bank's books were made by accredited agents and employees.**

   A bank operating under authority of a State statute is subject to public supervision, and its rights, powers and privileges are prescribed by law, and in the exercise thereof it is presumed to keep a correct record of its transactions, and proof of the identity of the books raises the presumption that the records and entries they contain were made by accredited clerks or agents of the corporation, and in a prosecution for embezzlement, etc., it is not required of the State to produce all the employees as witnesses to the entries thereon, the entries covering a long period of time.

4. **Same—Parol expert testimony in explanation of bank books properly introduced in evidence is competent.**

   The entries on the books and records of a banking corporation when the books are relevant to the inquiry on the trial of one of its officers for embezzlement, etc., are not self-explanatory, and parol evidence is admissible in explanation thereof by witnesses introduced at the trial who are competent to testify, subject to direct and cross-examination.

APPEAL by defendant from *Sink, J.,* at March Term, 1931, of HENDERSON.

The First Bank and Trust Company was a corporation organized under the laws of North Carolina and was engaged in the business of banking in Hendersonville. It had been in business a number of years prior to 19 November, 1930, when its doors were closed. For a year immediately previous to this date the defendant was president of the institution and for the preceding fifteen years he had been its cashier. T. R. Grubbs, a certified public accountant, began an examination of the bank on 21 November, 1930, and on 19 December, 1930, H. G. Kramer took charge as liquidating agent.

Thereafter the defendant was indicted for embezzlement, abstraction, and misapplication of the funds of the bank and for making and causing to be made a false entry in the bank's records. He was tried and convicted on each of the five counts, and was sentenced on the first, charging embezzlement, and on the fourth, charging the false entry. On the second, third, and fifth counts the prayer for judgment was continued. The defendant excepted and appealed, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*R. L. Whitmire and Shipman & Arledge for defendant.*

ADAMS, J. The court convened on the second day of March, 1931, and on the fifth the defendant moved for a continuance on the ground that he was not physically able to go to trial. He produced two certificates, each signed by a reputable physician, indicating the defendant's "highly nervous state" and the probability of a nervous collapse or breakdown. The motion was denied and the case was set for trial on the following Monday. It was not called at that time, but the trial judge of his own motion requested a physician from Asheville to examine the defendant and to determine whether he could be brought to trial without detriment to his health and whether he would likely be more able to stand the trial in October. The physician found no organic disease, referred the defendant's condition to large doses of hypnotic drugs, and expressed the opinion that under certain conditions he would soon "be able to undergo the court proceedings." The case was finally called on the eleventh day of March, when the defendant's motion for a continuance was again overruled. The denial of the motion is the subject of the first three exceptions.

It is now a familiar axiom that granting or refusing the continuance of a cause is a matter which rests in the discretion of the trial court

and in the absence of gross abuse is not subject to review on appeal. *S. v. Sauls,* 190 N. C., 810; *S. v. Riley,* 188 N. C., 72; *Hensley v. Furniture Co.,* 164 N. C., 149; *Armstrong v. Wright,* 8 N. C., 93. Instead of abusing his discretion, the presiding judge made a careful and patient investigation of the circumstances pending the several motions of the defendant and refused a continuance after sufficient opportunity for reflection. These exceptions are overruled.

The principal assault is made upon the admission in evidence of certain books, entries, and exhibits, and the testimony of witnesses in reference to their significance and to their bearing on the question of the defendant's guilt. The books, referred to as exhibits, include the record of certificates of deposit issued, a transfer binder of the sheets making up the daily cash journal binder, a loose leaf ledger, and a certificate of deposit account. The reason assigned for challenging the admissibility of these records is the absence of evidence tending to show the defendant's admission that they were the books of the bank or that they were properly identified. That there is evidence of identity is not open to debate. Grubbs, the public accountant, who began his examination of the bank's affairs on the twenty-first of November, testified that these books were in the vault and together with the keys were turned over to him by J. Allen Rhodes, the cashier, and Cecil Rhodes, the bookkeeper. Kramer, the liquidating agent, said the Corporation Commission gave him the keys to the vault where he found the books about which he testified. The defendant admitted that he had made a false entry on the certificate of deposit account to offset debit entries extending over a long period, and that he had used the cash for his personal benefit. The sums thus applied amounted to about $20,000 and no doubt comprised the fund, or a part of the fund, charged in the first count of the indictment to have been embezzled. So far as the record reveals, although the defendant was not questioned as to all the exhibits, at no time did he suggest the nonidentity of those about which he was examined; and, as all the records were found in the vault, this also was a circumstance for the consideration of the jury.

It is contended, however, that the evidence does not show by whom the entries in the books were made or authorized, and that the testimony of the accountant and the liquidating agent in explanation of the entries should have been excluded. The supporting argument proceeds on the theory that the records and books of a corporation may not be received in evidence for any purpose unless it is shown or admitted that the entries were made by an authorized servant or agent of the corporation. It is not doubted that cases apparently of such tenor may be cited, but the question of their application to given cases must be solved by refer-

ence to the matters in controversy—the object and scope of the litigation and the particular facts admitted or established.

The First Bank and Trust Company was created by statute; it was subject to public supervision; its rights, powers, and privileges were prescribed by law. It was presumed in the exercise of its powers to have appropriate books and to keep a correct record of its transactions. That it had such books is not denied. Proof of their identity as the property of the bank raised the additional presumption that the entries and records which they contain were made by an accredited clerk or agent of the corporation. *Glenn v. Orr,* 96 N. C., 413; *Turnpike v. McCarson,* 18 N. C., 306.

It was upon this principle that the exhibits were admitted in evidence. But they were not self-explanatory; negation as well as affirmation was a prominent feature of the prosecution.. If explanation of the entries was essential, so likewise of the omissions, which must be proved by oral testimony. To elucidate the controversy and to establish its theory the State examined T. R. Grubbs and H. G. Kramer as two of its witnesses. The defendant objected, but we think the competency of their testimony cannot reasonably be questioned.

They examined the books, made tabulations and calculations, and testified as to the results of their investigation. This mode of exemplifying the records of an insolvent bank has received the approval of this Court in *S. v. Hightower,* 187 N. C., 300. It is founded on considerations of policy and convenience, if not of necessity, and commendably results in relaxation of the rigid rule which would require the production of all the employees, who through an indefinite period had made entries in books of the corporation. Where a fact can be ascertained only by the inspection of a large number of documents made up of many detailed statements it would be practically out of the question to require the entire mass of documents and entries to be read by or in the presence of the jury. As such examination cannot conveniently be made in court the results may be shown by the person who made the examination. Wigmore on Evidence (2 ed.), sec. 1234; Chamberlayne on Evidence, sec. 2317. The production of the documents and the privilege of cross-examination and of the introduction of evidence afford ample protection of the defendant's rights.

We find no error in the charge. Evidence as to the defendant's good character, brought out on the cross-examination, was favorable to himself. The remaining exception is without merit.

No error.