## STATE v. J. H. COFER.

(Filed 10 January, 1934.)

**Criminal Law G i: L e: Evidence K c—**

> Whether a witness is an expert and competent to compare disputed handwritings is addressed to the sound discretion of the trial court, and his ruling thereon is not subject to review when supported by evidence.

APPEAL by defendant from *Clement, J.,* at August Term, 1933, of FORSYTH.

Criminal prosecution tried upon indictment charging the defendant, a police officer, with bribery, or receiving bribes, in violation of C. S., 4372.

The record discloses that in 1930, Mrs. Fannie J. Richardson Thompson was running one or more hotels, and a lottery, in Winston-Salem. She testified that she paid the defendant, a police officer of said city, ten dollars a week for "protection," that is "he was to call me and let me know if any of my boys was going to be picked up or if they were going to raid my house; in other words, if my name was discussed in police headquarters, or the two Negroes who worked for me, he was to call me and let me know."

It is further in evidence that in June and July, 1930, the defendant wrote the prosecuting witness several notes reminding her that she was slow or behind in her payments. In consequence of these communications, the prosecuting witness testified she sent the defendant the money as requested, either by Jasper Carpenter, a Negro boy who was in her employ, or by a colored boy from police headquarters, who delivered the notes.

To connect the defendant with these notes, the State offered two witnesses, W. P. Rainey and C. H. Whitaker, both in the employ of the Wachovia Bank and Trust Company for many years and who had had much experience in passing upon the genuineness of signatures. The court ruled that said witnesses were experts and competent to express their opinions as such experts. They both testified, in their opinions, comparing the notes with established writings of the defendant, the notes in question were in the handwriting of the accused. The competency of this evidence is the principal point in the case.

The State's evidence was denied by the defendant *in toto.* He proved a good character, and further showed that the general reputation and character of the prosecuting witness was bad.

Verdict: Guilty.

Judgment: Imprisonment in the State's prison, at hard labor, for a period of not less than three nor more than five years.

The defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*Elledge & Wells, Hastings & Booe and Peyton B. Abbott for defendant.*

STACY, C. J. According to the established practice in this jurisdiction, whether the witnesses Rainey and Whitaker were experts, competent to compare the disputed writings with established writings of the defendant and express their opinions as to whether the disputed writings were in the handwriting of the accused, was a matter addressed primarily to the sound judgment of the trial court, and is not subject to review on appeal, as the ruling is supported by ample evidence. *S. v. Brewer,* 202 N. C., 187, 162 S. E., 363; *S. v. Wilcox,* 132 N. C., 1120, 44 S. E., 625; *Liles v. Pickett Mills,* 197 N. C., 772, 150 S. E., 363; *Shaw v. Handle Co.,* 188 N. C., 222, 124 S. E., 325. True, the witnesses may have been somewhat modest in stating their qualifications, nevertheless they did say they could compare the writings and form opinions satisfactory to themselves, and the evidence is quite sufficient to support the ruling of the court in declaring them to be experts.

The remaining exceptions call for no elaboration.

The offense charged against the defendant, and of which he stands convicted, is a serious one. It strikes at the very foundation of government and the ability of organized society to protect itself against the machinations of the gangster and the racketeer. Much has been heard of similar methods in other places and other lands, but it was not thought that they had taken root in our own soil. Mayhap we are only following suit and learning again in this new epoch, that "sufficient unto the day is the evil thereof." Matt. 6:34.

No action or ruling of the trial court has been discovered which we apprehend should be held for reversible error. The verdict and judgment will be upheld.

No error.