DEVIN, J., took no part in the consideration or decision of this case.
Civil action to recover stock certificates and to restrain their transfer. *Page 231 
The plaintiff alleges that she is the owner of 1,575 shares of the common stock of General Motors Corporation, represented by certificates registered in her name; that about fifteen years ago, upon the solicitation of her brother-in-law, Charles B. Holladay, and reposing confidence in his integrity, the stock was delivered to him for safekeeping and for such disposition as the plaintiff should direct; that at the same time the plaintiff executed certain blank assignments and powers of attorney for use in transferring the stock, if and when needed to carry out the plaintiff's instructions; that thereafter the defendant, Charles B. Holladay, wrongfully and in violation of plaintiff's rights threatened to have the stock transferred in his name, whereupon the plaintiff placed a stop-transfer order with the defendant corporation and notified both defendants that the assignments and powers of attorneys were thereby revoked; and that notwithstanding these instructions, Charles B. Holladay has presented the certificates to the General Motors Corporation with request that they be transferred to him.
This suit was instituted in New Hanover County on 19 August, 1944, against Charles B. Holladay, a resident of the State of Delaware, General Motors Corporation, a Delaware corporation domesticated and doing business in North Carolina with local process agent, and A. B. Hull, a resident of New York and transfer agent of the corporate defendant.
A temporary restraining order was entered in the cause returnable on the 1st day of September, 1944.
Thereafter and prior to time for answering, the defendant, Charles B. Holladay, filed special appearance and moved to dismiss for want of proper service. This motion has not yet been heard or ruled upon.
The General Motors Corporation also filed motion to dismiss for want of service on Charles B. Holladay and for lack of jurisdiction over the subject-matter of the controversy.
On the hearing of this latter motion, the court found that the stock in question had been presented to the corporate defendant by Charles B. Holladay with request that it be transferred to him that no transfer had been made, and that the certificates were still in the hands of the corporate defendant. The injunction was thereupon dissolved as to Charles B. Holladay, the stock was impounded and ordered to be delivered to the clerk of the Superior Court to await further orders in the cause.
From this order, General Motors Corporation appeals.
The status of the named defendant, Charles B. Holladay, whether properly in court and subject to its orders, is an open and *Page 232 
disputed question. No determination of the matter has been made in the Superior Court. This suffices to sustain the order impounding the stock and to protect the corporate defendant from any claim for failure to transfer it. Indeed, it may be doubted whether an agent who executes a power of attorney in his own favor, without specific authorization, would do more than convert himself into a trustee. Hatcher v. Williams, ante, 112;LaVecchia v. Land Bank, 218 N.C. 35, 9 S.E.2d 489. But however this may be, we apprehend, the basis of the dissolution of the injunction against Charles B. Holladay was the plaintiff's revocation of his authority and the fact that he no longer had possession of the stock. 2 Am. Jur., 39.
No error has been shown in respect of the order from which the corporate defendant appeals. The cause has not yet been reached for hearing upon the merits.
Affirmed.
DEVIN, J., took no part in the consideration or decision of this case.