MOSES SAMET AND J. W. SAMET v. BOSTON INSURANCE COMPANY, STAR INSURANCE COMPANY OF AMERICA, AND TRINITY UNIVERSAL INSURANCE COMPANY.

(Filed 20 May, 1953.)

**1. Trial § 23a—**

The rule that the evidence will be considered in the light most favorable to plaintiff on motion to nonsuit does not relieve plaintiff of the duty of offering some substantial evidence in support of each essential element of his cause of action.

**2. Evidence § 51: Appeal and Error § 39e—**

The exclusion of expert testimony will not be held for reversible error when it appears that there was no request for a finding and that the court did not find that the witness was an expert, and further that the proffered testimony would have been of no material aid to the party offering it.

**3. Insurance § 54—**

In this action to recover on a policy of insurance for loss alleged to have been caused by lightning, the evidence tended to show that the building was damaged by the falling in of part of the roof, that the damage was discovered the morning after a violent storm accompanied by lightning and high winds, but whether the building was struck by lightning or whether the damage resulted from high winds and the vibration of the thunder, was left in speculation and conjecture. *Held:* Defendant insurers' motion to nonsuit was properly allowed.

**4. Same—**

Where, in an action on an insurance policy, the complaint alleges that the loss resulted from the insured building being struck by lightning, recovery may not be had on the theory not alleged in the complaint that the damage resulted from windstorm within the purview of the extended coverage provision of the policy.

**5. Pleadings § 24a—**

Plaintiff's recovery is to be had, if at all, on the theory of the complaint, and not otherwise.

APPEAL by plaintiffs from *Sharp, Special Judge,* November Civil Term, 1952, of High Point Division of the Superior Court of GUILFORD. Affirmed.

This was an action to recover for loss and damage to plaintiffs' building alleged to have been caused by lightning and covered by insurance policies of defendants.

The plaintiffs in their complaint alleged that the defendants issued their policies of insurance covering plaintiffs' two-story brick building in High Point, insuring against loss by fire and lightning, and that while the policies were in force, to wit, on 16 July, 1951, at about 6 o'clock p.m., the building so insured was "struck and damaged by lightning."

The defendants answered denying that the damage to plaintiffs' building was caused by lightning or that the loss alleged was within the coverage of the policies issued by the defendants.

After hearing the evidence offered by plaintiffs, and at the close of plaintiffs' evidence, the defendants' motion for nonsuit was allowed, and from judgment dismissing the action the plaintiffs appealed.

*Crissman & Bencini for plaintiffs, appellants.*

*Smith, Sapp, Moore & Smith and Stephen P. Millikin for defendants, appellees.*

DEVIN, C. J.   The plaintiffs' appeal presents the question of the propriety of the judgment of involuntary nonsuit rendered by Judge Sharp at the close of plaintiffs' evidence.

In determining this question we are admonished by correct rules of appellate practice to consider the evidence in the light most favorable for the plaintiffs, but observance of this rule does not relieve the court of the duty of requiring that the plaintiffs offer some substantial evidence to support the allegations of the complaint.

The plaintiffs have alleged and staked their action upon the allegation that their building was struck and damaged by lightning.   Conceding that no eye saw the lightning strike the building, the plaintiffs nevertheless bring the case here for review on the theory that they have offered circumstantial evidence sufficient to survive a nonsuit and to carry the case to the jury that the damage to their building was in fact caused by lightning.

We have examined the evidence set out in the record, and, without undertaking to quote the testimony, we reach the conclusion that it fails to show more than a possibility or to furnish more than material for conjecture as to the cause of the damage to plaintiffs' building.   It does not measure up to that degree of "reasonable certainty as to probabilities arising from a fair consideration of the evidence" that would require submission of the issue to the jury.   *Mfg. Co. v. R. R.,* 233 N.C. 661, 65 S.E. 2d 379.   In the expressive language of *Justice Brogden* failure to apply this rule "would unloose a jury to wander aimlessly in the fields of speculation."   *Poovey v. Sugar Co.,* 191 N.C. 722, 133 S.E. 12; *Mfg. Co. v. R. R.,* 233 N.C. 661 (670), 65 S.E. 2d 379; 32 C.J.S. 1116.

The material facts shown by plaintiffs' evidence may be briefly summarized as follows:  On the evening of 16 July, 1951, there was a sudden violent storm, accompanied by lightning and thunder and a downpour of rain, lasting about 20 or 30 minutes.   One witness thought there must have been a "cloudburst" of rain, and there were gusts of wind of unusually high velocity.   Another witness who had been at work in a building

150 feet from plaintiffs' building, and left in a truck about the time the rain began, testified that before he left he saw a lightning flash and felt the vibration from it and the thunder that followed; that he heard a fire alarm, or bell from a fire truck, from a building across the street; that when he left he drove along the street by the plaintiffs' building and observed no sign of damage. The next morning about 7:30 a.m. it was discovered that a part of the roof of plaintiffs' two-story building (100 by 45 feet) had collapsed, and had broken through the second floor and deposited on the first floor a mass of splintered and broken timbers. Between 50 and 75 feet of the roof at the rear, to the width of 45 feet, had fallen in. This part of the roof sloped to the rear. According to a witness it appeared as if some force had struck the roof and "just pushed it through the second floor and on down to the first floor," and a lot of water had come in there. The roof was of five-ply felt, with asphalt and gravel, and it was estimated the roof weighed 500 or 600 pounds per 100 square feet. There were some tall trees near the building on the west side, and an electric power line strung on poles paralleled the east side. The building was equipped with electric wiring under the roof, metal flashing and metal downspout.

Plaintiffs noted exception to the ruling of the court in excluding the opinion evidence of the witness Murray White. This witness, a local insurance agent, had observed the storm from a distance of a quarter of a mile from plaintiffs' building, and saw the building the following day. He had studied physics at college, had kept up his studies, and as an insurance agent had investigated losses due to lightning. He was tendered by plaintiffs as an "expert in the field of damage by the elements." The defendants' objection was sustained. The court did not find he was an expert, and there was no request that the court do so. Stansbury, sec. 133; LaVecchia v. Land Bank, 218 N.C. 35 (41), 9 S.E. 2d 489; Aydlett v. By-Products Co., 215 N.C. 700, 2 S.E. 2d 881; Lumber Co. v. R. R., 151 N.C. 217, 65 S.E. 920. This witness, if permitted to give evidence as an expert would have testified that in his opinion "the damage to this particular building was caused as an indirect result of lightning in a very severe storm . . . And that lightning of a terrible degree of velocity occurred and as a result there was a vacuum created and this vacuum was coming together which caused an unusually high vibration called thunder and because of the impact of that vibration on this roof plus the wind velocity at the time caused the sudden pressure or force of a downward thrust on that roof and caused it to go in at that particular point." When asked if he thought the lightning itself directly struck the building he answered "No, I could see no visible evidence where lightning had made contact. It could have been but I could see no evi-

dence." It is not perceived that this witness' testimony would have been of material help to the plaintiffs. The court's ruling is upheld.

The evidence in this case leaves the matter in the realm of conjecture and is insufficient to support plaintiffs' allegation that the building was struck and damaged by lightning.

Plaintiffs call attention to the fact that in the insurance policies sued on the building was insured against direct loss by fire and lightning and that there was extended coverage to include loss from windstorm. But in their complaint the plaintiffs alleged only that the loss resulted from the building being struck by lightning. As was said in *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470, "Plaintiff's recovery is to be had, if at all, on the theory of the complaint and not otherwise," and in *Moore v. Clark,* 235 N.C. 364, 70 S.E. 2d 182, "If the plaintiffs are to succeed at all, they must do so on the case set up in their complaint." *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14.

We have examined the cases cited by plaintiffs and find they are distinguishable and not controlling on the evidence offered in this case.

The judgment of nonsuit is
Affirmed.