ROM L. POTTER AND WIFE, ANGIE D. POTTER, PLAINTIFF APPELLEES v. RELIANCE INSURANCE COMPANY, DEFENDANT APPELLANT

No. 7523DC877

(Filed 7 April 1976)

Insurance § 140— lightning insurance — cause of damage

Plaintiffs' evidence was sufficient to be submitted to the jury on the issue of whether their dwelling was damaged by lightning within the coverage of a lightning clause in an insurance policy, rather than by lateral earth movement as contended by defendant insurer, where the male plaintiff and a neighbor testified as to a specific flash of lightning which was followed by a loud noise, and

Potter v. Insurance Co.

the male plaintiff testified that he felt a tremble in the basement where he went immediately and saw a crack in the basement wall which had not been there before the storm.

APPEAL by defendant from *Osborne, Judge.* Judgment entered 13 August 1975, District Court, ASHE County. Heard in the Court of Appeals 18 February 1976.

Plaintiffs allege that the defendant issued to them a policy of insurance on their residence against losses caused by fire or lightning; that on 28 May 1973 their home was struck by lightning, their basement wall cracked, and defendant has refused to pay under the terms of the policy. Defendant denied loss by fire or lightning, and asserted that the crack resulted from lateral earth movement, a specific policy exclusion.

Plaintiff Rom Potter testified at the trial that on the night of 28 May, it was thundering and lightning heavily; that one particular surge of lightning was followed by a loud noise and trembling in the basement; that he went to the basement, turned on the lights and saw a crack in the wall that had not been there before the storm. A neighbor, Joe Williams, a highway patrolman, corroborated Potter's testimony about the severity of the storm and a particularly loud clap of thunder and surge of lightning.

Defendant offered no evidence and moved for a directed verdict at the close of plaintiffs' evidence, at the close of all the evidence, and for judgment notwithstanding the verdict.

The jury found that plaintiffs' residence sustained "direct loss by lightning." It was agreed that damages amounted to $2,192.72. Defendant appealed from the judgment for plaintiffs in the agreed amount.

*Richard J. Bryan; Thomas S. Johnston for plaintiff appellee.*

*W. G. Mitchell for defendant appellant.*

CLARK, Judge.

The defendant brings forward only one assignment of error: the denial of his motion for directed verdict.

Where the evidence as to the cause of the property loss or damage is doubtful or conflicting, it is a jury question whether it resulted from lightning within the coverage of a

lightning clause in an insurance policy. But where the evidence relied on to show that lightning was the cause of loss is of a speculative nature, the court will decide that, as a matter of law, the plaintiff has failed to prove that the loss was so caused. Anno., 15 A.L.R. 2d 1017.

The defendant relies on *Samet v. Insurance Co.*, 237 N.C. 758, 759, 75 S.E. 2d 913, 914 (1953), where the court reached the conclusion that the evidence "fails to show more than a possibility or to furnish more than material for conjecture as to the cause of damage to plaintiffs' building." The facts in *Samet* are summarized as follows: There was a sudden, violent storm, accompanied by lightning and thunder and a downpour of rain, lasting about twenty or thirty minutes. There were gusts of wind of unusually high velocity. The next morning it was discovered that a part of the roof of the unoccupied two-story building had collapsed. Between 50 and 75 feet of the roof at the rear, to the width of 45 feet, had fallen in. This part of the roof sloped to the rear. The roof was of felt, with asphalt and gravel, and was estimated to weigh 500 or 600 pounds per 100 square feet. The building was equipped with electric wiring under the roof, metal flashing, and metal downspout.

We find that the case before us is distinguishable from *Samet, supra*. The occupant of the dwelling and a neighbor testified as to a specific flash of lightning which was followed by a loud noise. The plaintiff occupant felt a tremble in the basement, where he went immediately and saw a crack in the basement wall which had not been there before the storm.

We find the case to be factually similar to *Grasso v. Glen Falls Insurance Co.*, 133 Neb. 221, 274 N.W. 569 (1937), where the evidence tended to show that on the day prior to the electrical and rain storm the insured building was in good condition. An employee in the building on the night of the storm heard a terrific crash; there was a flash of lightning and the building began to shake; the wall of the basement was found lying on top of the boilers; and there was a large opening in the concrete basement wall. The court held that this evidence was sufficient to make it a jury question.

We conclude that the evidence was sufficient to require submitting to the jury the issue of whether plaintiffs' dwelling

sustained a direct loss by lightning. In the judgment of the trial court, we find

No error.

Chief Judge BROCK and Judge VAUGHN concur.