COMAN v. THOMAS MANUFACTURING CO.

[105 N.C. App. 88 (1992)]

MARK R. COMAN, PLAINTIFF-APPELLANT v. THOMAS MANUFACTURING COMPANY, INC., DEFENDANT-APPELLEE

No. 9122SC204

(Filed 7 January 1992)

**Evidence and Witnesses §§ 842, 1932 (NCI4th) — wrongful discharge — summaries from trip reports — additional information — inadmissible to show contents of reports**

In an action for damages for wrongful discharge from plaintiff's at-will employment as a long distance truck driver where plaintiff alleged that he was discharged because he refused to violate federal law by driving in excess of federally mandated time periods, plaintiff's purported summaries of trip reports were not admissible to explain the contents of the trip reports where the summaries also contained additional information as to hourly times of departure and arrival of the drivers which was not shown on the trip reports but was based on speculation by plaintiff. Nor were the summaries admissible as summaries of voluminous writings under N.C.G.S. § 8C-1, Rule 1006 since they do not accurately represent the underlying documents.

**Am Jur 2d, Evidence §§ 458, 470.**

APPEAL by plaintiff from judgment entered 4 September 1990 by *Judge Joseph John* in DAVIDSON County Superior Court. Heard in the Court of Appeals 2 December 1991.

*Larry L. Eubanks for plaintiff appellant.*

*Constangy, Brooks & Smith, by W. R. Loftis, Jr. and Robin E. Shea, for defendant appellee.*

WALKER, Judge.

Plaintiff Mark R. Coman brought this action against defendant Thomas Manufacturing Company, Inc. seeking damages for wrongful discharge from his at-will employment. On 25 January 1988, at the initial hearing on this matter, the trial court dismissed the action upon defendant's Rule 12(b)(6) motion. The Supreme Court reversed the dismissal. *See Coman v. Thomas Manufacturing Co., Inc.*, 325 N.C. 172, 381 S.E.2d 445 (1989). The Court's decision recognized that a cause of action may lie against an employer for the

discharge of an "at-will" employee when the employee is discharged because he refuses to commit some act in violation of the law. Accordingly, the case was remanded for trial to determine whether plaintiff was actually discharged for his refusal to violate federal law. After trial, a jury decided defendant was not discharged "for a wrongful purpose or reason." Pursuant to the verdict, judgment was entered denying plaintiff any relief. Plaintiff appeals this judgment.

Evidence presented at trial indicates plaintiff began working for defendant as a part-time employee in 1978. From 1984 until his discharge in 1987, he was employed as a long-distance truck driver, hauling goods for defendant between Thomasville, North Carolina and such distant points as Michigan. The driving operations of defendant are governed by regulations of the United States Department of Transportation (DOT). These regulations provide that a driver cannot drive for a longer period than a 10 hour shift followed by a rest period of at least 8 hours. Plaintiff alleged defendant required plaintiff and other drivers to operate their vehicles for periods longer than the regulations allow. According to plaintiff, when he informed defendant he would not drive in excess of the DOT mandated time periods, he was discharged.

In support of his contention, plaintiff produced certain evidence in the form of documents. This evidence included: (1) a road atlas showing routes used by plaintiff and the other drivers; and (2) certain "trip reports" for the twelve weeks prior to plaintiff's discharge. These trip reports were the business records of Hertz-Penske who leased the long-distance trucks to defendant. Defendant's drivers were required to fill out a trip report for each round-trip journey they undertook. The information on these one page trip reports included the truck number, driver's name, dates of the trip, mileage of the trip, destination (including date arrived), date returned home, and route taken on the trip. However, these trip reports did *not* include the time (hour) of departure and arrival. From these trip reports, plaintiff prepared certain "summaries" (Exhibits L-1 through L-13). The trial court sustained defendant's objection to these summaries.

In preparing these summaries, plaintiff obtained certain information from the Hertz-Penske reports. In addition, the summaries also contained the "actual" *hourly* time of arrival and departure and the "legal" *hourly* time of arrival and departure. These times

were not included in the information from the Hertz-Penske trip reports, but rather were reconstructed from plaintiff's memory.

In *Ray D. Lowder, Inc. v. North Carolina State Highway Commission*, 26 N.C.App. 622, 217 S.E.2d 682, *cert. denied*, 288 N.C. 393, 218 S.E.2d 467 (1975), this Court was presented with a situation similar to the present controversy. In that case, plaintiff had been sent many damage reports over a long period of time. These reports related to injuries Lowder, Inc. had purportedly incurred in conducting its business. Plaintiff sought to introduce, as a business record, its own compilation of these damage reports. Our Court held the compilations inadmissible since they were: (1) not prepared in the regular course of business; (2) prepared for litigation; (3) not prepared contemporaneously with the events recorded in the damage reports; and (4) a product of the compiler's personal judgment, discretion and memory after a lapse of four years. *Id.* at 650-651, 217 S.E.2d at 699-700.

Plaintiff suggests that *Lowder* should not control this situation, but rather that the holding in *State v. Rhodes*, 202 N.C. 101, 161 S.E. 722 (1932), should control. In that case the Court held that parol evidence was admissible to explain the contents of a large number of documents. Thus, the person who makes the examination of the documents can properly testify as to the contents thereof, since the production of the documents and the privilege of cross-examination afford the opposing party ample protection. *Id.* at 104, 161 S.E. at 723. *Rhodes* does not address the situation presented in the present case, the accuracy of the summaries of the underlying materials.

Plaintiff also contends the summaries are admissible as summaries of voluminous writings under Rule 1006, N.C. Rules of Evidence. This rule provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

The official comment to Rule 1006 states that North Carolina Rule 1006 is identical to Rule 1006 of the Federal Rules of Evidence.

Under decisions of the federal courts, summaries are admissible if they are an *accurate* summarization of the underlying materials involved. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985); *Needham v. White Laboratories, Inc.*, 639 F.2d 394, 403 (7th Cir.), *cert. denied*, 454 U.S. 927, 70 L.Ed.2d 237 (1981); *White Industries, Inc. v. Cessna Aircraft Co.*, 611 F. Supp. 1049, 1070 (D.C.Mo. 1985). However, a "summary" is properly excluded from evidence if it does not fairly represent the underlying document. *Davis & Cox v. Summa Corp., supra; United States v. Drougas*, 748 F.2d 8 (1st Cir. 1984). In particular, a "summary" should be excluded if the basis for the summary is a party's unsupported speculation. *United States v. Sorrentino*, 726 F.2d 876 (1st Cir. 1984).

Here, plaintiff could have properly summarized the Hertz-Penske trip reports which provided a lot of information on the travels of defendant's long-distance truck drivers. However, since the summaries of these trip reports also contained additional information as to the hourly time of departure and arrival of the drivers, such information was based upon speculation by plaintiff and was not an accurate summarization of the underlying material. The trial court properly excluded the summaries, and in the trial of this case, we find

No error.

Judges WELLS and LEWIS concur.